UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| VILLAGE OF SAUK VILLAGE, ILLINOIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Case No. 15-cv-9183 |
| v. | ) |  |
|  | ) | Judge John W. Darrah |
| ROADWAY EXPRESS, INC., *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Defendants, Roadway Express, Inc. and YRC Worldwide Inc., removed this case to federal court on October 16, 2015. Plaintiff, Village of Sauk Village, Illinois, filed a Motion to Remand this case to the Circuit Court of Cook County, Illinois. For the following reasons, the Plaintiff's Motion to Remand [9] is denied.

## BACKGROUND

On May 1, 2014, Plaintiff filed a complaint against YRC; Arcadis U.S., Inc.; Arcadis NV; and Lincoln Limited in the Circuit Court of Cook County, Illinois. The complaint alleged that chemical spills on the properties of YRC and Lincoln contaminated Plaintiff's drinking water and that the Arcadis defendants had made misrepresentations to Plaintiff in the course of remediation work for YRC. Lincoln was the only non-diverse defendant named in the initial complaint. The Arcadis defendants were dismissed from the suit; and, on July 30, 2014, Plaintiff filed an amended complaint.

On September 16, 2014, Plaintiff moved for the appointment of a special process server in order to serve Lincoln. The trial court granted Plaintiff's motion on October 9, 2014. Lincoln was served with the amended complaint on March 16, 2015. On September 17, 2015, Plaintiff

moved to voluntarily dismiss Lincoln. That motion was granted on September 18, 2015. The remaining parties are completely diverse, and the amount in controversy exceeds $75,000. On October 16, 2015, Defendants filed a Notice of Removal.

**LEGAL STANDARD**

For a case to be removable to federal court, the citizenship of the parties must be diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332, 1441. Normally, a notice of removal must be filed within thirty days of receipt of a copy of the complaint by a defendant or within thirty days of the service of summons upon the defendant. *See* 28 U.S.C. § 1446(b)(1). Diversity cases must also be removed within "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

**ANALYSIS**

Pursuant to Illinois law, the action commenced when Plaintiff filed its original complaint in state court, May 1, 2014. *See* 735 Ill. Comp. Stat. 5/2-201. The case was removed by Defendants on October 16, 2105. Defendants claim that removal beyond one year is justified because Plaintiff's inclusion of Lincoln was in bad faith.

In 2011, Congress amended the removal statute to provide an exception to the ban on diversity removal after one year if "the district court finds that the plaintiff has acted in bad faith

2

in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The statute later provides that if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B). Plaintiff argues that bad faith should be limited to the deliberate failure to disclose the amount in controversy. However, the legislative history does not indicate that Congress meant to limit bad faith to the amount in controversy but that the amendment served as an attempt to address ambiguity of equitable tolling of the removal statute generally. *See* H.R. REP. 112-10, 15, 2011 U.S.C.C.A.N. 576, 580. If Congress had intended the deliberate failure to disclose the amount in controversy to be the only instance of bad faith, it would have said so. *See Baker v. Runyon*, 114 F.3d 668, 670 (7th Cir. 1997) (presuming that Congress would have stated if a specific exemption applied to punitive damages).

One of the few published cases on bad-faith obstruction of removal also reads the statute more broadly: "'bad faith' can manifest itself in either of the two requirements for diversity jurisdiction: (i) a plaintiff can name or retain nondiverse parties or forum-citizen defendants to defeat complete diversity or the forum-defendant rule, respectively; or (ii) it can obfuscate the quantity of damages it seeks for the purpose of defeating the amount-in-controversy requirement." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1261 (D.N.M. 2014).

The *Aguayo* court also determined a two-step standard for the bad-faith exception:

First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, *et cetera*. Failure to actively litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler,

3

> the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court.

*Aguayo*, 59 F. Supp. 3d at 1262-63. Other courts have looked for affirmative evidence of bad faith, not merely a lack of active litigation. *See Ehrenreich v. Black*, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) (remanding to New York Supreme Court where "Plaintiffs do not appear to have taken any actions specifically to defeat removal."); *see also Ramirez v. Johnson & Johnson*, 2015 WL 4665809, at *3 (S.D.W. Va. Aug. 6, 2015) (collecting cases).

Proving "bad faith" in other contexts is generally a high standard. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992) (bad faith for the purpose of § 1927 sanctions is "extremely negligent conduct, like reckless and indifferent conduct"); *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) (holding that the standard for bad faith awards "is quite stringent"). Given the high standard of bad faith and the narrow construction of removal statutes, the applicable test should be evidence of intentional bad faith. However, as Defendants argue, it is "relatively rare that a record will contain direct, 'smoking gun' evidence of bad faith." *Loatman v. Summit Bank*, 174 F.R.D. 592, 601 (D.N.J. 1997). Since direct evidence of intentionally deceptive conduct or bad faith is rare, courts may infer deceptive conduct or bad faith from indirect and circumstantial evidence. *See*, *e.g.*, *The Medicines Co. v. Mylan Inc.*, 72 F. Supp. 3d 837, 877 (N.D. Ill. 2014).

Defendants must show that Plaintiff "engaged in intentional action or inaction" that prevented Defendants "from otherwise properly filing for removal before the expiration of the one year period." *Comer v. Schmitt*, 2015 WL 5954589, at *4 (S.D. Ohio Oct. 14, 2015) report and recommendation adopted, (S.D. Ohio Nov. 13, 2015). "[T]he issue is whether the plaintiff

4

engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Hiser v. Seay*, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014).

The only case to discuss this issue in the Seventh Circuit is *Loellke v. Moore*, 2012 WL 253373 (S.D. Ill. Jan. 26, 2012). In *Loellke*, the plaintiff and the non-diverse defendant settled on December 5, 2011, more than two years after the case commenced. *Loellke*, 2012 WL 253373, at *2. The court declined to find bad faith where the party that was preventing removal was not a nominal defendant and there was nothing in the record to suggest that plaintiff acted in bad faith to prevent removal. *Id. Loellke* did not specifically state what standard the court used. However, *Loellke* is easily distinguishable from the current situation, as that plaintiff pursued and received recovery from the diversity-defeating defendant.

Plaintiff maintains that it has actively litigated this case. However, the record demonstrates that Plaintiff has largely litigated only against the other defendants. Plaintiff moved to intervene in class-action lawsuits against the same defendants, including Lincoln, on February 4, 2014; but their motion was denied on April 30, 2014. *See* (Dkt. 18-4.) Plaintiff argues that it had trouble finding and serving Lincoln. However, Lincoln's attorney filed his appearance on April 23, 2014, in those lawsuits. (Dkt. 18-8.) Plaintiff filed their state lawsuit on May 1, 2014, which included a service list containing the registered agent for Lincoln, John Einoder, and an address for Lincoln. Lincoln served answers in the class-action lawsuits on May 30, 2014; and those were served on Plaintiff's local counsel. Additionally, Plaintiff included Lincoln's attorneys on the service list for the amended complaint in state court. (Dkt. 18-6.) Plaintiff's motion for the appointment of a special process server was granted on

5

October 9, 2014. But service was not effected until March 27, 2015, when the process server served the amended complaint on John Einoder at the address listed on the original complaint. (Dkt. 18-7, 18-5.) Plaintiff served no discovery requests on Lincoln but determined that Lincoln was insolvent after multiple conversations with Lincoln's counsel. Lincoln was voluntarily dismissed on September 18, 2015, which was five months after the one-year removal period elapsed. Plaintiff never filed for a default judgment during that time.

Plaintiff argues that it "is not inherently bad faith to use strategy to defeat federal jurisdiction." *Brazell v. Gen. Motors, LLC*, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (citing *Duck Village Outfitters v. Nationwide Mut. Ins. Co.*, 2015 WL 540149, at *2 (E.D.N.C. Feb. 10, 2015)). However, that authority goes on to state plaintiffs must "keep the removal spoiler on board through trial to avoid the bad-faith exception." *Brazell*, 2015 WL 1486932, at *4 (citing *Aguayo*, 59 F. Supp. 3d at 1273). Plaintiff's argument that Defendants could have removed this case before Lincoln was dismissed from the lawsuit is also unavailing. By statute, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). Defendants could not remove the case until there was complete diversity.

Plaintiff dismissed Lincoln without ever taking discovery. *See Aguayo*, 59 F. Supp. 3d at 1270 (dismissing a plaintiff without ever taking discovery cuts "strongly in favor of finding bad faith"). And Plaintiff failed to litigate against Lincoln, except for moving for the appointment of a process server. *Kemp v. CTL Distribution, Inc.*, 2010 WL 2560447, at *6-8 (M.D. La.

6

May 6, 2010), adopted, 2010 WL 2560451 (M.D. La. June 24, 2010), aff'd, 440 F. App'x 240 (5th Cir. 2011) (denying motion to remand after more than one year where plaintiff never sought discovery from non-diverse defendants, and plaintiffs "failed to offer any cogent explanation or factual basis for withholding service and delaying seeking discovery"). This includes failing to seek default judgment. *See Lawson v. Parker Hannifin Corp.*, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (denying motion to remand where Plaintiff failed to prosecute or seek default judgment against removal-defeating defendant). Plaintiff's explanation that Lincoln was difficult to serve is undercut by the fact that service was effected on the registered agent at the address Plaintiff knew about. Plaintiff consistently failed to take steps to prosecute its case against Lincoln.

Defendant makes a final argument regarding the issue of Plaintiff's bad faith concerning its Motion to Remand. On March 16, 2010, four years before Plaintiff filed its state complaint, a report determined that Lincoln did not appear to be the source of the groundwater contamination. The report was prepared by K-Plus Engineering, an environmental consultant, commissioned by Plaintiff to determine the source of the contamination. Plaintiff responds that counsel never saw the report due to a change in Village leadership, resulting in a change of counsel. However, the state-court complaint, which was filed by current counsel, contains language that is almost exactly the same as that contained in the K-Plus report. Further, Plaintiff's current counsel provided the K-Plus report to Defendants in discovery only six months after the complaint was filed, which was almost one year before Plaintiff dismissed Lincoln. It is reasonable to conclude that counsel was aware of the report and that Lincoln was not the source of contamination, at least at that time, if not before the complaint was filed.

The evidence establishes Plaintiff's attempt to circumvent Defendants' ability to remove the case within the one-year period.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand [9] is denied.

Date: _____March 10, 2016_____   /s/ _____
JOHN W. DARRAH
United States District Court Judge