UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF SAUK VILLAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-9183 |
| v. | ) |
| | ) Judge John W. Darrah |
| ROADWAY EXPRESS, INC. and | ) |
| YRC WORLDWIDE INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Roadway Express, Inc. and YRC Worldwide Inc. filed a Motion to Strike the Supplemental Report of Plaintiff's Expert Lois George [33]. For the reasons set forth below, Defendants' Motion [33] is denied.

## BACKGROUND

On May 1, 2014, Plaintiff filed a complaint against YRC; Arcadis U.S., Inc.; Arcadis NV; and Lincoln Limited in the Circuit Court of Cook County, Illinois. The state court entered an order setting a November 9, 2015 deadline for Plaintiff's expert reports. On October 16, 2015, Defendants filed a Notice of Removal; and Plaintiff moved to remand the case back to state court. While the Motion to Remand was pending, this Court extended the expert report deadline to November 30, 2015, for Plaintiff's report and to February 1, 2016, for Defendants' expert report. On November 30, 2015, Plaintiff served the expert report of Lois George, who concluded that a YRC trucking terminal (the "YRC Terminal") was more likely than not the source of the vinyl chloride contamination in the Village of Sauk Village's drinking water wells. On February 1, 2016, Defendants served the expert report of Steve McGinnis, who concluded that the source of the vinyl chloride was a collection of several

landfills located to the west and southwest of the Village. McGinnis's report also alleged that there were several flaws in George's report.

Plaintiff's Motion to Remand was denied on March 10, 2016. This Court then set an expert discovery deadline of June 13, 2016. George was deposed on June 9, 2016; and the parties filed an agreed motion to extend the expert discovery deadline to June 21, 2016. On June 17, 2016, Plaintiff served a supplemental report by George.

## LEGAL STANDARD

Parties have a duty to supplement expert reports, which "extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). If an expert report "is intended solely to contradict or rebut evidence on the same subject matter identified by another party," that expert report must be disclosed "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## ANALYSIS

Defendants move that the supplemental report be excluded for several reasons: (1) the supplemental report is unauthorized and untimely; (2) the supplemental report contains new expert opinions and bases; and (3) the alleged violations of Rule 26 are neither justified nor harmless.

Defendants first argue that George's supplemental report should be excluded because it was unauthorized and untimely. Specifically, Defendants argue that no rebuttal reports were contemplated by the Court's scheduling order and that the supplemental report is too late to be a

rebuttal report under Rule 26(a)(2)(D)(ii). The Court's scheduling order did not specifically contemplate rebuttal reports, but the supplemental report was served before the close of expert discovery.[1] *See Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir.1998) (stating that "[d]isclosures must not be used as a means to extend a discovery deadline.") (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)). Under 26(a)(2)(D)(ii), a rebuttal report must be disclosed within thirty days after the report it is intended to rebut. McGinnis's report was served on February 1, 2016, and the rebuttal report was served on June 17, 2016; this is far after the thirty-day deadline contemplated by the Rules. However, Plaintiff was provided with documents relied on in McGinnis's report on May 26, 2016; and the rebuttal report was served within thirty days of the provision of those documents.[2] The supplemental report was a rebuttal report within the Rules and was timely served to the extent that the topics discussed in the supplemental report are a rebuttal to documents that were not produced.

Defendants further argue that the supplemental repot contains new expert opinions and bases and, therefore, is not authorized by Rule 26(e)(2). The purpose of an expert report is not to dictate the proposed expert's testimony verbatim. *Metavante Corp. v. Emigrant Savings Bank*, 619 F.3d 748, 762 (7th Cir. 2010) (purpose of expert reports is to provide substance of expert's opinion so that opponent can rebut, cross-examine, offer competing expert, if necessary, and

---

[1] Additionally, the supplemental report is not an untimely pretrial disclosure under Rule 26(a)(3)(B), as it was served a more than thirty days before trial.

[2] Defendants state that these were publicly available documents. However, the documents were obtained by Defendants through FOIA requests to Illinois regulators. (Dkt. 36-1, p. 6.) Regardless, Defendants agreed to provide the documents. Defendants note that Plaintiff did not specifically request those documents until May 1, 2016. However Rule 26 "contemplates production of the materials an expert considered." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012).

otherwise prepare intelligently for trial). However, the duty to supplement an expert opinion cannot "be used as a vehicle to disclose entirely new expert opinions after the deadline established by the court under Rule 26(a)(2)(c)." *Carter v. Finely Hospital*, 2003 WL 22232844, *2 (N.D.Ill. Sept.22, 2003). "[A]n expert report that discloses new opinions is in no way a mere supplement to a prior report." *Trinity Homes, LLC v. Ohio Casualty Insurance Co. Group*, 2011 WL 2261297, *3 (S.D.Ind. June 8, 2011). However, the supplemental report, here, does not contain new opinions and bases.

The supplemental report contains further information on why George considered the geographical area that she did, expanded upon the type of soils present at the YRC Terminal, and explained how those issues related to the possible transportation of vinyl chloride precursors into the groundwater supply. Defendants deposed George on why she did not consider potential sources in Chicago Heights or South Chicago Heights. The portion of the supplemental report stating why George analyzed a particular geographical area served as a rebuttal to McGinnis's report and was related to "information given during the expert's deposition." *See* Fed. R. Civ. P. 26(e)(2). The portion of the supplemental report that discusses the composition of glacial till material around the YRC Terminal also expands on the original report. The original report stated: "These deposits, glacial till and drift, vary in lithologic character over short distances, laterally and vertically. The glacial deposits are comprised of sufficient layers of sand and gravel to store and transmit groundwater, and any contaminants in free-product and/or dissolved phase." (Dkt. 43-2, p. 24.) The supplemental report states the same opinion, does so at slightly more length, and references specific borings and test drill results.

This is not a situation where an entirely new theory was put forth in a supplementary expert report. *See Stuhlmacher v. Home Depot USA, Inc.*, No. 2:10 CV 467, 2012 WL 5866297,

at *3 (N.D. Ind. Nov. 19, 2012) ("Dr. Conry's report does not correct or enhance his pre-existing theory. Rather, it puts forth a new potential cause for the incident."). George's supplementary report corrects and enhances her original expert report, and does so in response to Defendants' questions during her deposition.

George's supplemental report did not violate Rule 26, as it was both a rebuttal of McGinnis's report and a supplementary report under Rule 26(e)(2). Further, the supplementary report did not come after the close of expert discovery and is not an untimely pretrial disclosure.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Strike the Supplemental Report of Plaintiff's Expert Lois George [33] is denied.

Date:     January 25, 2017      /s/ _____
                                                          John W. Darrah
                                                          U.S. District Court Judge