UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VILLAGE OF SAUK VILLAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-9183 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ROADWAY EXPRESS, INC., and | ) | |
| YRC WORLDWIDE INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 16, 2015, Defendants Roadway Express, Inc. ("Roadway") and

YRC Worldwide Inc. ("YRC") removed an Amended Complaint from the Circuit Court of

Cook County to federal court.  In the Amended Complaint, Plaintiff Village of Sauk Village

alleged trespass, nuisance, and negligence arising from water pollution allegedly cause by

releases of chlorinated solvents in the water, land, and air of Sauk Village ("Village"). The

Amended Complaint alleged three counts against Defendants Roadway and YRC:  negligence, in

Count I; trespass, in Count IV; and nuisance, in Count VI.  Defendants have filed a Motion for

Summary Judgment [45].  Defendants' Motion [45] is denied.

**LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts

as to which the party contends there is no genuine issue for trial."  *Ammons v.*

*Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004).  Local Rule 56.1(b)(3) requires the

nonmoving party to admit or deny every factual statement proffered by the moving party and to

concisely designate any material facts that establish a genuine dispute for trial.  *See Schrott v.*

*Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).  A nonmovant's "mere

disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff Village of Sauk Village is a municipality incorporated under the laws of Illinois and located in Cook and Will Counties. (PSOF ¶ 1.) Defendant Roadway Express, Inc. ("Roadway") is an Ohio corporation. (*Id.* ¶ 2.) In October 2008, Yellow Transportation, Inc. merged into Roadway; and the surviving entity was named YRC, Inc., which does business as YRC Freight. (*Id.*) Prior to the merger, Roadway was organized under the laws of Delaware. (*Id.*) YRC Worldwide, Inc. ("YRC") is a Delaware corporation with its principal place of business in Kansas. (*Id.* ¶ 3.) YRC owns a trucking terminal located in Chicago Heights, Illinois (the "YRC Terminal"). (*Id.*) The YRC Terminal conducts freight terminal operations, where shipments are offloaded and then loaded onto new trucks. (*Id.* ¶ 45.)

Plaintiff owns and operates a public water supply which consists of three wells: Wells 1, 2, and 3. (*Id.* ¶6.) The water from Plaintiff's wells is treated at two water treatment plants: one that treats the water from Wells 1 and 2, and one that treats the water from Well 3. (*Id.* ¶ 7.) Well 3 is adjacent to, and on the northern boundary of, the YRC Terminal. (*Id.* ¶ 8.) Wells 1 and 2 are approximately twenty feet apart from each other and located about one mile south of Well 3. (*Id.* ¶ 9.) The YRC Terminal is located outside of the capture zones for Wells 1 and 2. (*Id.* ¶ 46.) Plaintiff's community well pulls water from a dolomite bedrock aquifer. (*Id.* ¶ 11.) The top of the aquifer ranges from fifty to one-hundred feet below the surface. (*Id.*)

Cis-1,2-dichloroethylene ("DCE") and vinyl chloride are degradation compounds of the chlorinated solvents tetrachloroethene ("PCE") and trichloroethylene ("TCE"). (*Id.* ¶ 16.) PCE and TCE break down into vinyl chloride in certain environments. (*Id.* ¶ 17.) Once a chlorinated solvent such as TCE, PCE, DCE, and vinyl chloride reaches groundwater, it can travel long distances because it does not "sorb to bedrock." (*Id.* ¶ 18.) Vinyl chloride has not been detected at the YRC Terminal, but there have been three reported detections of chlorinated solvents at low-level concentrations and shallow to moderate depths. (*Id.* ¶¶ 48-49.)

The Illinois Environmental Protection Agency ("IEPA") first detected DCE in Well 3 in 2002. (*Id.* ¶ 19.) DCE was detected again in Plaintiff's treated water in February 2008. (*Id.*) In April 2008, vinyl chloride was detected in the treatment plant for Well 3. (*Id.* ¶ 20.) Testing in 2008 and 2009 showed increasing levels of DCE and vinyl chloride in all three of the Wells and the treated water. (*Id.*) Plaintiff installed and is currently treating its water supply with "air-stripping" equipment. (*Id.* ¶ 21.) Vinyl chloride and DCE were also found in community wells in South Chicago Heights and Ford Heights, which are near Sauk Village. (*Id.* ¶¶ 22-37.)

In 2010, Plaintiff retained K-Plus Engineering, LLC to determine the source of the vinyl chloride contamination. (*Id.* ¶ 38.) K-Plus was unable to identify a source and formally requested help from the United States Environmental Protection Agency ("USEPA") in 2012. (*Id.* ¶ 40.) K-Plus indicated that additional investigations into the groundwater at the YRC Terminal were needed. (*Id.* ¶ 41.) The IEPA conducted an investigation of the source of the vinyl chloride water contamination from 2012 to 2014. (*Id.* ¶ 42.) The IEPA was unable to determine the source of the chemical contamination. (*Id.* ¶ 44.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

Defendants argue that determining the cause of environmental contamination is a complex and scientific effort that requires expert knowledge and that Plaintiff's expert opinion should be excluded. Defendants claim that, without Lois George's expert opinion, Plaintiff has no evidence to show that Defendants are responsible for the vinyl chloride contamination. Expert testimony is required for claims that involve "technical matters beyond the common knowledge and experience of jurors." *Klootwyk v. DaimlerChrysler Corp.*, No. 01 C 6127, 2003 WL 21038417, at *3 (N.D. Ill. May 7, 2003). Courts have found that the travel of contaminants through soils and into aquifers is not within a layperson's understanding and requires expert testimony. *See Ramsey v. Consol. Rail Corp.*, 111 F. Supp. 2d 1030, 1038 (N.D. Ind. 2000).

On November 30, 2015, Plaintiff served the expert report of Lois George, who concluded that the YRC Terminal was more likely than not the source of the vinyl chloride contamination. On February 1, 2016, Defendants served the expert report of Steve McGinnis, who concluded that the source of the vinyl chloride was a collection of several landfills located to the west and southwest of the Village. McGinnis's report also alleged that there were several flaws in George's report. George was deposed on June 9, 2016; and the parties filed an agreed motion to extend the expert discovery deadline to June 21, 2016. On June 17, 2016, Plaintiff served a supplemental report by George.

As discussed in the Memorandum Opinion and Order on Defendants' Motion to Exclude the Opinion of Plaintiff's Expert Lois George, George's opinion is admissible. Further, George's opinions create a material issue of fact. The facts underlying an expert's analysis and the accuracy of an expert's conclusions are issues for the trier of fact. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). To the extent that any other expert opinions disagree with

George's opinion, that is also an issue for the trier of fact. *Wipf v. Kowalski*, 519 F.3d 380, 385 (7th Cir.2008) (explaining that "in a case of dueling experts . . . it is left to the trier of fact . . . to decide how to weigh the competing expert testimony").

## CONCLUSION

Defendants' Motion for Summary Judgment [45] is denied.

Date: _____January 25, 2017_____     /s/ _____

JOHN W. DARRAH
United States District Court Judge