# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VILLAGE OF SAUK VILLAGE, a Municipal Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15–cv–09183 ) ) Hon. Judge Edmond E. Chang |
| ROADWAY EXPRESS, INC. and YRC WORLDWIDE INC., | ) ) ) |
| Defendants. | ) |

## YRC'S MOTION FOR JUDGEMENT AS A MATTER OF LAW
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50

At the April 11, 2017 trial session in this case, the Court requested that Defendants YRC Worldwide Inc. and Roadway Express, Inc. (collectively, "YRC") provide a written summary of their Federal Rule of Civil Procedure 50 motion for a judgment as a matter of law at the conclusion of the Plaintiff Village of Sauk Village's (the "Village") case. At the April 12, 2017 trial session, the Court requested that YRC also provide a written summary for their Rule 50 motion for judgment as a matter of law at the conclusion of YRC's case. YRC now submits this motion to comply with the Court's request. Pursuant to Rule 50, YRC hereby moves for judgment as a matter of law on the Village's negligence claim.[1]

### I. ARGUMENT

A judgment as a matter of law should be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" Fed. R. Civ. P. 50(a)(1). "If reasonable persons could not find that the evidence justifies a decision for a party on an essential

---

[1] The Village withdrew its trespass and nuisance claims at the trial conference on April 12, 2017.

element of its claim, the court should grant judgment as a matter of law." *Waubanascum v. Shawano Cty.*, 416 F.3d 658, 664 (7th Cir. 2005). The Village failed to prove all of the elements of its negligence claim both by the conclusion of its case and the conclusion of YRC's case.

      A.      **The Village Failed To Prove Its Negligence Claim.**

"A plaintiff in a negligence action bears the burden of proving duty, breach of duty, proximate causation and damages." *Wroble v. Lockformer Co.*, 2006 WL 695254, at *1 (N.D. Ill. Mar. 17, 2006). The Village failed to prove a breach, causation, and damages during its case.

*First*, the Village has not offered **any** proof that YRC breached a duty of care owed to the Village. Lois George, the Village's sole witness offered to testify on breach and causation, did not testify or offer any evidence that YRC ever failed to exercise due care. The only evidence of a spill of a chlorinated solvent at YRC related to a 2001 release of trichloroethylene ("TCE"), and Plaintiff put forward no evidence to support a finding that such spill was negligently handled by YRC. To the contrary, Ms. George admitted that YRC properly responded to that spill according to industry accepted practices. (*See* Trial Tr. at 321:21-25 ("Q. You would agree with me that the use of absorbent pads to clean up a spill of chlorinated solvents like this is an industry-accepted way to deal with these types of spills, right? A. Yes, it's a standard procedure."); 322:1-4 ("Q. Likewise, disposing of the punctured drum and the used absorbent pads, using overpacked drums, is an accepted cleanup practice, right? A. Yes, it is.").) Ms. George further admitted that she had no evidence whatsoever that the release ever reached groundwater. (*Id.* at 322:11-14 ("Q. As you sit here today, you have seen no evidence that this spill impacted the soil or groundwater beneath the YRC site, right? A. That is correct.").) Nor did Plaintiff introduce any evidence at trial that the low concentrations of tetrachloroethylene ("PCE") and TCE detected on three occasions over the course of a decade at YRC were the result of YRC's negligence.

*Second*, the Village failed to prove that YRC caused the vinyl chloride contamination of the Village water supply. Proving the cause of environmental contamination is a complex endeavor that requires scientific evidence and the consideration of numerous technical and scientific factors and variables. *See Cannata v. Forest Pres. Dist. of DuPage Cty.*, 2008 WL 4360644, at *5 (N.D. Ill. Sept. 23, 2008). But Plaintiff failed to introduce any evidence to prove those elements of the Village's negligence claim. Indeed, Ms. George admitted that she did not even consider many of the factors critical to such an inquiry. In particular, Ms. George did not offer any opinion or evidence regarding:

- whether chlorinated solvents were released at YRC in sufficient quantities to cause the consistent and sustained vinyl chloride contamination present in the Village water supply, (Trial Tr. at 339:15-340:17);

- whether the environmental conditions necessary to trigger the molecular degradation of the low levels of TCE and PCE into vinyl chloride even exist in the subsurface at YRC, (*id.* at 346:4-8 (admitting that the potential for degradation remains an untested hypothesis)); or

- how those low-level detections of TCE and PCE migrated from less than 20 feet below ground surface to the bedrock aquifer 70 feet below surface, (*id.* at 352:25-353:3).

*Third*, the Village failed to prove any damages. The Village has not offered any reliable and accurate proof of its damages that can be considered by the jury. Instead, the Village's damages are entirely speculative. James Czarnik testified to the invoices in Plaintiff's Exhibits 9 and the Rule 1006 set forth in Exhibit 67. But his testimony revealed that he applied an ad hoc methodology to determine which of the costs in Plaintiff's Exhibit 9 were related to the vinyl chloride remediation, applying the same 48% to 30 out of 36 of the invoices. (*See, e.g., id.* at 456:3-460:18.)

Further, Kevin Weller admitted that he had not reviewed and checked Plaintiff's Exhibit 66 for accuracy. (*Id.* at 440:5-14.) And a review of many of the invoices listed on Plaintiff's Exhibit 66 revealed myriad inaccuracies in that Rule 1006 summary, including costs unrelated to

3

the vinyl chloride remediation at issue in this case. At bottom, the Village failed to lay the necessary foundation for the invoices in Plaintiff's Exhibits 3, 4, 5, 6, and 7, as well as the Rule 1006 summary in Exhibit 66. At the very least, YRC is entitled to judgment on a matter of law on the $1,124,784.46 set forth in Plaintiff's Exhibit 66.

Accordingly, the Court should grant YRC a judgment as a matter of law on the Village's negligence claim.

### B. The Village Failed To Prove Its Negligence Claim By The Conclusion Of YRC's Case.

The Village also failed to adduce any evidence to support its negligence claim and damages during YRC's case. For that reason, and the reasons set forth above *supra*, Section A, the Village failed to prove its negligence claim by the conclusion of YRC's case.

## II. CONCLUSION

For the reasons set forth above, YRC respectfully requests that the Court enter an order granting it judgment as a matter of law on the Village's negligence claim.

Dated: April 12, 2017                  Respectfully submitted,

/s/ Brett A. Nerad
John R. Worth
Richard U.S. Howell
Brenton A. Rogers
Brett A. Nerad
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000

*Attorneys for Roadway Express, Inc. and YRC Worldwide Inc.*

# CERTIFICATE OF SERVICE

The undersigned, Brett A. Nerad, hereby certifies that on April 12, 2017, copies of **YRC'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50** were served on the counsel of record through the CM/ECF system of the Northern District of Illinois.

John E. Norris
Dargan M. Ware
DAVIS & NORRIS LLP
2154 Highland Avenue South
Birmingham, AL  35205
jnorris@davisnorris.com
dware@davisnorris.com

Michael J. McGrath
Matthew J. Byrne
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL  60805
mmcgrath@odelsonsterk.com
mbyrne@odelsonsterk.com

*Attorneys for Plaintiff*

                                                /s/ Brett A. Nerad
                                                Brett A. Nerad